IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| WILFRED BANKS JR., § | |
|     Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:16-CV-3490-D-BK |
| § | |
| ENTERPRISE RENTAL CORP., et al., § | |
|     Defendants. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was automatically referred to the United States Magistrate Judge for judicial screening. Plaintiff, proceeding without the assistance of counsel, filed his *Original Petition and Application for Temporary Restraining Order and Temporary Injunction* against Enterprise Rental Corporation, Inc. and Enterprise Holdings, Inc., Doc. 2, and motion for leave to proceed *in forma pauperis*, Doc. 5, on December 22, 2016. For the reasons that follow, this case should be dismissed *sua sponte* without prejudice for lack of subject matter jurisdiction.

**I. BACKGROUND**

As best as the Court can discern, Plaintiff asserts claims of libel, defamation, slander, assault and breach of contract against Defendants, stemming from his continued possession of a rental car that his insurance company has ceased paying for following Plaintiff's car being damaged in an accident. Doc. 2 at *passim*. Plaintiff seeks an order enjoining Defendants from, *inter alia*, threating him with criminal prosecution and arrest due to his continued possession of the rental vehicle, averring that he "will suffer imminent, irreparable injury, loss and/or damages if a temporary restraining order is not immediately issued, up-to-and-including illegal

incarceration and/or detainment in the Dallas County Jail." Doc. 2 at 2, 16. He also seeks monetary damages of 50 million dollars. Doc. 2 at 18.

## II. ANALYSIS

Before screening an *in forma pauperis* complaint under 28 U.S.C. § 1915(e), the Court should always examine, *sua sponte*, if necessary, the threshold question of whether it has subject matter jurisdiction. *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Unless otherwise provided by statute, federal court jurisdiction requires (1) a federal question arising under the United States Constitution or a federal law or treaty, *see* 28 U.S.C. § 1331, or (2) complete diversity of citizenship between adverse parties and the matter in controversy exceeds $75,000, *see* 28 U.S.C. § 1332. "Under the well-pleaded complaint rule, 'a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint; generally, there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action.'" *Gutierrez v. Flores*, 543 F.3d 248, 251-52 (5th Cir. 2008).

The Court is obligated to liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings are "to be liberally construed," and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."); *Cf.* FED. RULE CIV. PROC. 8(e) ("Pleadings must be construed so as to do justice"). Even under the most liberal construction, however, Plaintiff has not alleged facts that establish federal question or diversity jurisdiction.

The original petition (complaint) does not present any federal cause of action. Rather, as outlined above, Plaintiff asserts only state law tort and breach of contract claims against

Defendants. The only mention of a federal statute in the 19-page complaint is the request that discovery be conducted "in accordance with . . . [and] under FED. R. CIV. P. 37." Doc. 2 at 2. Additionally, because Plaintiff has alleged that both he and Defendants are Texas citizens, Doc. 2 at 2-3, 20, no diversity jurisdiction exists. Finally, in the "Basis of Jurisdiction" section on the Civil Cover Sheet, contrary to the instructions, Plaintiff made no selection. Doc. 2 at 20.

Thus, Plaintiff having wholly failed to indicate a basis for the Court's exercise of jurisdiction, this action should be dismissed *sua sponte*, without prejudice, for lack of subject matter jurisdiction.[1]

### III. LEAVE TO AMEND

Ordinarily, a *pro se p*laintiff should be granted leave to amend his complaint prior to dismissal, but leave is not required when he has already pled his "best case." *Brewster v. Dretke,* 587 F.3d 764, 767–68 (5th Cir. 2009). Here, the facts as alleged by Plaintiff clearly demonstrate a lack of complete diversity among the parties and no federal question jurisdiction. Thus, granting leave to amend would be futile and cause needless delay.

---

[1] Since the complaint does not present a sufficient basis for federal question or diversity jurisdiction, the Court cannot exercise supplemental jurisdiction over Plaintiff's state law claims. *See* 28 U.S.C. § 1367(a) ("in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").

## IV. RECOMMENDATION

For the foregoing reasons, it is recommended that this action be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**SIGNED** December 23, 2016.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE